

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

JUL 16 2008  TG

Jul 16, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FRANCIS J. VALENTINE, )
 )
      Plaintiff, )
 )
v. )   No. 08 CV 3302
 )
FOUNDERS INSURANCE COMPANY, )   Judge Zagel
a corporation, )   Magistrate Judge Mason
 )
      Defendant. )

### PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS

NOW COMES the Plaintiff, Francis J. Valentine, and in reply to Defendant Founders Insurance Company's Motion to Dismiss Plaintiff's Complaint says:

1. Defendant has confirmed in its said Motion that it issued to the Plaintiff the automobile insurance policy described therein and that same was in effect at the time of Plaintiff's said accident on September 14, 2007.

2. Plaintiff admits that he settled his claim with GMAC, the liability carrier for the driver of the other vehicle, for $10,000.which amount was the policy limit for his coverage with GMAC. Plaintiff also acknowledges that he executed a qualified release for said payment, a copy of which is attached to Defendant's Motion as Exhibit "C" and which Defendant wrongfully describes as a "full release".

3. Plaintiff represents unto this Court that he presented a claim to Defendant for underinsured benefits under his said policy which Defendant claims to be limited to $50,000 and that in response thereto Defendant made a written request to the Plaintiff to provide proof of his claim. Upon receipt thereof Plaintiff forwarded to Defendant

copies of his medical bills and available medical records in support of his said claim.

4. Since then, which was approximately five months ago, Defendant has failed to acknowledge receipt of said material from the Plaintiff and no claims representatives of the Defendant have attempted to contact the Plaintiff toward payment or settlement of his said underinsured motorist claim.

5. Plaintiff states that as a result of Defendant's failure to honor Plaintiff's claim or communicate in any way with the Plaintiff who is now partially disabled from injuries arising out of the accident in question, Plaintiff was forced to file this suit against Defendant who now seeks to have the suit dismissed on procedural grounds rather than on the merits of the case thus intentionally causing further delay in its disposition.

6. There is legal duty implied in all insurance contracts that the insurer deal in good faith with its insured and that there is a cause of action for tortious breach of an insurer's duty to deal with its insured in good faith. The obligation of good faith and fair dealing with respect to the discharge of insurer's contractual duties includes the obligation to refrain from making unfounded refusal to pay policy proceeds, causing unfounded delay in making payment, deceiving the insured, or exercising any unfair advantage to pressure insured into settlement of his claim. *Erie Ins. Co v. Hickman By Smith*, 622 N.E. 2d 515 (Ind.1993).

7. Defendant in its Motion to Dismiss states that this Court lacks subject matter jurisdiction to hear this case because the actual amount in controversy does not meet the minimum jurisdictional amount or value of $75,000 and that the actual amount

in controversy is $40,000.

8. Plaintiff has alleged in his Complaint that due to Defendant's refusal to pay the Plaintiff, Plaintiff is entitled to recover punitive damages from the Defendant and that the amount of punitive damages should be considered by this Court in determining whether the minimum jurisdictional amount or value has been met.

9. Under Indiana law, an insured under certain circumstances, is permitted to seek punitive damages is an action for the breach of an insurance contract which is recognized as a tort upon which punitive damages may be based and the standard for awarding punitive damages for the commission of a tort remains unchanged.

10  On a motion to dismiss for lack of subject matter jurisdiction, Plaintiff is entitled to considerable latitude in supporting allegations regarding jurisdictional amount and must be given benefit of any facts conceivably provable in support of his allegations. *Racich v. Mid Continent Builders Co.*, 755 F. Supp.(N.D.Ill 1991)

11. Plaintiff submits that Defendant's conduct herein amounts to a serious breach of his contract with the Defendant and that Plaintiff is entitled to an award of punitive damages by this Court in an amount of at least $50,000 which if added to the amount of any cap on underinsured coverage for the Plaintiff in this case would meet the minimum jurisdictional amount.

12. Defendant in its motion to dismiss Plaintiff's Complaint correctly states that Section 1332 (a)(1) of Title 28 of the Judicial Code extends Federal Court jurisdiction only to "citizens of different States",and Section 1332(c)(1) states that a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. Considering

3

that Plaintiff is a citizen of Indiana, Defendant has failed to show that it is also a citizen of Indiana to defeat Federal jurisdiction in this case.

13. No credible evidence has been presented by Defendant to show that its principal place of business is located in Indiana nor has Defendant alleged that it is incorporated in the State of Indiana. Just stating that Defendant's insurance policy with the Plaintiff was written in Indiana through an agent in Indiana and that the application for the policy was completed in Indiana does not meet the "total activity test" for determining a corporation's principal place of business for diversity purposes. It should also be noted that the cover of the Defendant's policy which Defendant has attached to its Motion as Exhibit "B" and the accompanying Declaration Page identify Defendant, "Founders Insurance Company " as a stock company located in Des Plaines, Illinois. *Capitol Indemnity v. Russellville Steel*, 367 F.3rd 831 (8th Cir. 2004). Thus it is established that the home office and principal place of business of the Defendant is located in the State of Illinois and therefore total diversity exists.

WHEREFORE, Plaintiff, Francis J. Valentine, prays that Defendant, Founders Insurance Company's Motion to Dismiss be in all things denied.

Respectfully submitted,

Francis J. Valentine, Plaintiff Pro se
2622 Hermoine Trail
Long Beach, IN 46360
407-251-1992

4

## PROOF OF SERVICE

Francis J. Valentine, being first duly sworn, says he deposited a copy of this Reply to Defendant's Motion to Dismiss in the U. S. Post Office, 211 S. Clark Street, Chicago, Illinois enclosed in an envelope addressed to Shari Shelmadine, attorney for Defendant, at her business address at 53 West Jackson Boulevard, Suite 1209, Chicago, Illinois, 60604 with postage fully prepaid, on July 16, 2008.