**FILED**

JUL 21 2008 EA

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCIS J. VALENTINE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 08 CV 3302 |
| ) | |
| FOUNDERS INSURANCE COMPANY, ) | Judge Zagel |
| a corporation, ARLIE G. CAVE, SIBYL ) | Magistrate Judge Mason |
| FORMYDUVAL and TIRZA FERNANDEZ ) | |
| ) | |
| Defendants, ) | |

## FIRST AMENDED COMPLAINT-CONSPIRACY

NOW COMES the Plaintiff, Francis J. Valentine, and complaining of Defendants, says:

1. Plaintiff is a citizen of the State of the Indiana. Defendant Founders Insurance Company, hereinafter referred to as "FOUNDERS", is an insurance corporation organized and existing under the laws of the State of Illinois with its principal place of business in a state other than the State of Indiana. Defendants Arlie G. Cave, Sibyl Formyduval and Tirza Hernandez were at all times mentioned herein claims adjusting agents of FOUNDERS. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

2. Plaintiff restates and incorporates herein by reference the allegations contained in Paragraphs 3, 4 and 5 of Plaintiff's original Complaint as if same are fully set forth herein.

3. On October 2 and 10, 2007, Defendant Fernandez acknowledged by letter to the Plaintiff that FOUNDERS was in receipt of information regarding

Plaintiff's said automobile accident on September 14, 2007 whereupon Plaintiff provided said Defendant with an accident report on a form furnished by Defendant.

4. Thereafter, and prior to January 28, 2008, Plaintiff telephoned Defendant Fernandez and advised her that he would be making a claim for underinsured motorist benefits under his said automobile policy and was advised by said Defendant that there was no coverage for the accident in question because the accident occurred in Florida.

5. Plaintiff thereupon notified FOUNDERS in writing that he wanted to make a claim for injuries sustained in said accident under his underinsured motorist coverage and that he had settled with the liability insurer for the other driver.

6. Shortly thereafter, and in written correspondence from Defendant Cave on February 10 and February 13, 2008, Plaintiff was requested to submit complete documentation on his said loss to FOUNDERS which Plaintiff fully complied with on February 27, 2008. Additional follow up medical records and bills received from doctors and hospitals were likewise submitted on May 18 and May 22, 2008.

7. At no time during the period from February 27, 2008 until on or about June 12, 2008, when Plaintiff received a telephone call from FOUNDERS' attorney, Shari Shelmadine after FOUNDERS was served with summons in this case, did Defendant Cave or any other representative of FOUNDERS attempt to contact the Plaintiff.

8. In said telephone conversation with attorney Shelmadine, she advised Plaintiff to contact Sibyl Formyduval, Defendant herein, who was claims manager of FOUNDERS and in the same office with defendant Cave. Thereupon, Plaintiff called

Defendant Formyduval and at the conclusion of Plaintiff's conversation with said Defendant, it was agreed that Plaintiff would re-submit all claims material previously sent to Defendant Cave at FOUNDERS.by the Plaintiff.

9. On June 26, 2008, Plaintiff telephoned Defendant Formyduval for her decision on possible settlement of this matter, and said Defendant told the Plaintiff that on the advice of attorney Shelmadine FOUNDERS was unwilling to settle this case.

10. By this time it became obvious to the Plaintiff that FOUNDERS and its representatives, Defendants Cave and Formyduvaland in their dealing with the Plaintiff from the outset had been engaging in a course of conduct in furtherance of FOUNDERS ' conspiracy to illegally deprive Plaintiff of the benefits due him under the terms of his said automobile policy.

11. Since the time of the acts complained of above and the unreasonable delay of Defendants Cave, Formyduval and FOUNDERS in transmitting to the Plaintiff their decision not to pay Plaintiff, which had been formed and decided upon from the outset, Plaintiff has continued to suffer from his injuries and is without funds to pay future medical bills in an endeavor to cure himself of his said injuries.

12. At all times while furthering their conspiracy, Defendants acted wilfully, wrongfully, and maliciously toward the Plaintiff and with intent to further injure him.

13. By reason of the wilful, wrongful, and malicious nature of Defendants' said acts and course of conduct, done with the intent to further injure Plaintiff, Plaintiff

is entitled to recover punitive damages in addition to his actual damages which he claims in the total sum of $100,000.

WHEREFORE, Plaintiff, Francis J. Valentine, prays for judgment against Defendants, and each of them, in the sum of $100,000, plus punitive damages in the additional sum of $100,000, and costs of suit, and for any such other and further relief as this Court deems just and proper.

Date:

*[signature]*
Francis J. Valentine, Plaintiff-Pro se
2622 Hermoine Trail
Long Beach, Indiana 46360

## PROOF OF SERVICE

Francis J. Valentine, being first duly sworn, says he deposited a copy of this First Amended Complaint in the U.S. Post Office, 211 S. Clark Street, Chicago, Illinois, enclosed in an envelope addressed to Shari Shelmadine, attorney for Defendant Founders Insurance Company, at her business address, 53 West Jackson Boulevard, Suite 1209, Chicago, Illinois 60604 with postage fully prepaid, on July 21, 2008.

*[signature]*