# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FRANCIS J. VALENTINE,

    Plaintiff,

    v.

FOUNDERS INSURANCE COMPANY, a corporation,

    Defendant.

No. 08 C 3302
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff and Defendant filed cross-motions for partial summary judgment on the issue of liability. The issue before me is whether Plaintiff is entitled to underinsured motorist ("UIM") coverage under Defendant's Insurance Agreement. For the following reasons, Defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied.

## I. PRELIMINARY MATTERS

Plaintiff filed his motion for partial summary judgment on liability on November 23, 2009. Defendant asks that I strike Plaintiff's motion for failure to comply with the requirements set forth by Northern District of Illinois Local Rule 56.1. Local Rule 56.1 provides that a moving party must serve and file with each motion for summary judgment "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." L.R. 56.1. Furthermore, the statement of material facts is to consist of short numbered paragraphs, with each paragraph referencing affidavits, or other supporting materials.

Plaintiff failed to comply with Local Rule 56.1 and instead included a declaration in his motion for summary judgment providing various facts in numbered paragraphs that include citations to various exhibits to his motion. It is within my discretion to require strict compliance with the Local Rules. *Federal Trade Commission v. Bay Area Business Council*, 423 F.3d 627, 633-34 (7th Cir. 2005). Though Plaintiff is not in strict compliance with the rule, I decline to strike his pleading.

Pursuant to Local Rule 56.1, each party opposing a motion for summary judgment must file a concise response to the movant's statement of facts. All material facts set forth by the moving party will be deemed admitted unless controverted by the statement of the opposing party. L.R. 56.1(b)(3)(c). Plaintiff failed to respond to Defendant's Rule 56.1 statement of facts. Therefore, Defendant's statement of material facts is deemed admitted.

## II. STATEMENT OF FACTS

Defendant, Founders Insurance Company ("Founders"), issued a Private Passenger Automobile Insurance Policy, policy number APIN227681, to Francis J. Valentine (Plaintiff) for the period of August 2, 2007 to August 2, 2008 ("the Policy"). The Policy provided liability coverage, uninsured motorist coverage, and property damage coverage with respect to covered automobile accidents involving an insured under the Policy.

Plaintiff was involved in a car accident with another vehicle in Winter Park, Florida on September 14, 2007. As a result of this accident, Plaintiff suffered personal injuries. The driver of the other vehicle was insured with GMAC Insurance ("GMAC") and it was determined that the accident was due to the fault of the driver of the other vehicle.

On September 25, 2007, an employee of Founders was contacted by Plaintiff by telephone. Plaintiff reported his accident and inquired about Medical Payments coverage under the policy. Founders mailed a letter to Plaintiff on October 2, 2007 declining coverage for his Medical Payments claim on the basis that the Policy did not include Medical Payments coverage. The same day, Founders received a package in the mail of documents regarding Plaintiff's treatment and medical bills. On October 5, 2007, Founders mailed a letter to Plaintiff enclosing an Accident Report Form so that Founders could investigate Plaintiff's potential claims for property damages to his vehicle.

The parties were in contact via telephone over the next few weeks. On January 24, 2008, Plaintiff informed Founders via telephone that he had settled his personal injury claim with the driver of the other vehicle, Robert Martino, and his insurer, GMAC, for $10,000.00. This amount represented the applicable limits of insurance available under the GMAC insurance policy. Plaintiff informed Defendant of his intent to make a claim for UIM benefits under his Policy. Founders received written notice of Plaintiff's settlement and intention to make a claim on January 31, 2008. A form letter asking Plaintiff to contact Founders was sent on February 10, 2008, and on February 13, 2008, Founders mailed a letter to Plaintiff acknowledging his claim and requesting additional documents. Plaintiff sent the requested documents to Founders on February 27, 2008. Founders made unsuccessful attempts to contact Plaintiff via telephone after the receipt of Plaintiff's materials, and again on May 19, 2008 after it received a voicemail from Plaintiff.

Founders requested that Plaintiff's claim be reviewed by coverage counsel in Indiana. On June 9, 2008, while Plaintiff's claim was being reviewed by Founder's counsel, Plaintiff

filed the instant action. On June 27, 2008 Founders informed Plaintiff that coverage for his UIM claim was denied. Founders determined that no coverage existed under the Policy because Plaintiff violated the Policy by not sending it written notice of his tentative settlement with GMAC as required by the Policy.

The **UNDERINSURED MOTORIST COVERAGE** states in part:

**INSURING AGREEMENT**

A. We will pay damages under this coverage caused by an accident with an "underinsured motor vehicle" only if 1. or 2. below applies:
1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payments of judgments or settlements; or
2. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:
    a. Have been given prompt written notice of both the coverage limits of the owner or operator of the "underinsured motor vehicle"; and
    b. Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

* * *

**ADDITIONAL DUTIES AFTER AN ACCIDENT OR LOSS**

A person seeking Underinsured Motorist Coverage must also:

1. Promptly send us copies of the legal papers if a suit is brought;
2. Promptly notify us in writing of a tentative settlement between the "insured" and the insurer of an "underinsured motor vehicle"; and
3. Allow us 30 days to advance payment to that "insured" in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of the "underinsured motor vehicle."

The Policy's **GENERAL PROVISIONS** state in part:

**OUR LEGAL RIGHT TO RECOVER PAYMENT**

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

> 1. Whatever is necessary to enable us to exercise our rights; and
> 2. Nothing after loss to prejudice them.
>
> * * *
>
> B. However, our rights in this paragraph (A) do not apply with respect to:
> > 1. Damages the person is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" if we:
> > > a. Have been given prompt written notice of both a tentative settlement, between an "insured" and the insurer of an "underinsured motor vehicle," and certification of the liability coverage limits of the owner or operator of an "underinsured motor vehicle;" and
> > > b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

## III. STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has set forth the basis for summary judgment, the burden shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A party will be successful in opposing summary judgment only if it

presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). I consider the record in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmovant's favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002).

**IV. DISCUSSION**

Defendant asserts that Plaintiff was properly denied coverage because he entered into a settlement agreement with the driver of the other vehicle, and GMAC, without first complying with the requirements of the Policy. Specifically, Plaintiff failed to provide Founders with written notice of the existence of any "tentative settlement" between the Plaintiff and the driver of the other vehicle and his insurer, and written certification of the liability coverage limits of the policy issued to the driver of the other alleged underinsured motor vehicle, until and after he had already reached a settlement and executed a Release. The result of this failure was that Founders was not given thirty days in which to advance payment to the Plaintiff in an amount equal to the tentative settlement in order to preserve Founders' subrogation rights against the insurer, owner or operator of the underinsured motor vehicle, as required by the Policy. Plaintiff argues that he fully complied with his Policy, and that the Policy is ambiguous.

A. Indiana Law Governs Plaintiff's Insurance Policy.

A federal court exercising diversity jurisdiction must look to the choice-of-law rules of the state in which it sits to determine which state's substantive law should apply; the Illinois Supreme Court applies a "most significant contacts" test. *West Suburban Bank of Darien v. Badger Mut. Ins. Co.*, 141 F.3d 720, 724 (7th Cir. 1998). Under this test :

> insurance policy provisions are generally governed by the location of the subject matter, the place of the delivery of the contract, the domicile of the insured or of the insurer, the place of the last act to give rise to a valid contract, place of performance, or other place bearing a rational relationship to the general contract.

*Id.* (citing *Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 655 N.E.2d 842, 845 (Ill. 1995). Furthermore, unless another state has a more significant relationship, "an automobile policy will be governed by the state where the car was intended to be principally located." *Costello v. Liberty Mutual Fire Ins. Co.*, 876 N.E.2d 115, 120 (Ill. App. Ct. 2007). Here, Indiana has the most significant relationship to the present action. Plaintiff is an Indiana resident, his Policy is titled "Indiana Automobile Policy," and Plaintiff's vehicle is principally located in Indiana. Though Plaintiff's accident occurred in Florida, all material contact between Founders and Plaintiff prior to the accident occurred in Indiana. Accordingly, Indiana law governs this action.[1]

### B. The Policy Is Unambiguous.

Defendant argues that it is undisputed that Plaintiff failed to comply with the Policy's requirements, and as a result, he is not entitled to recover UIM benefits. Defendant states that the UIM policy language is clear and unambiguous in requiring notice of a tentative settlement thereby allowing Defendant the opportunity to preserve its rights against the underinsured motorist. Plaintiff disagrees and puts forth two arguments. First, Plaintiff argues that the Policy is ambiguous. Second, he contends that he fully complied with the terms of the Policy. Both arguments fail.

---

[1] Plaintiff did not object to the application of Indiana law.

In Indiana, an insurance policy must be construed as a whole, considering all the provisions of the contract, not simply individual words, phrases or paragraphs. *Briles v. Wausau Ins. Co.*, 858 N.E.2d 208, 213 (Ind. App. Ct. 2006). "An insurance policy is ambiguous where a provision is reasonably susceptible to more than one interpretation and reasonable persons would differ as to its meaning." *Adkins v. Vigilant Ins. Co.*, 927 N.E.2d 385, 389 (Ind. App. Ct. 2010). "An ambiguity, however, does not exist merely because the parties favor different interpretations." *Id*. "The meaning of an insurance contract can only be gleaned from a consideration of all its provisions, not from an analysis of individual words or phrases." *Id*. Courts "must accept an interpretation of the contract language that harmonizes the provisions rather than the one which supports a conflicting version of the provision." *Id*.

Under Paragraph A of the INSURING AGREEMENT, Founders agrees to pay damages caused by an accident with an "underinsured motor vehicle" only if subparagraphs (1) or (2) are met. The INSURING AGREEMENT's provision in A(2) is nearly identical to requirements (2) and (3) under the ADDITIONAL DUTIES AFTER AN ACCIDENT OR LOSS section ("ADDITIONAL DUTIES"); each requires prompt notification of a tentative settlement and an opportunity to advance payment in an amount equal to the tentative settlement. Plaintiff argues that the plain language of the UIM provisions are unclear and because nothing states that even if A(1) is fulfilled, notice of a tentative settlement (effectively A(2)) must also be given. This, Plaintiff contends, transforms the disjunctive "or" in the "ADDITIONAL DUTIES" section into a conjunctive "and." Therefore, the various policy provisions on UIM coverage conflict with each other and are not clear and unambiguous. Plaintiff's argument is without merit because it fails to consider the Policy as a whole.

The INSURING AGREEMENT operates as a threshold requirement; only if A(1) or A(2) are met will Defendant pay for damages arising out of an accident with an underinsured motor vehicle. The provisions of the INSURING AGREEMENT are complemented by the terms set forth by paragraphs (2) and (3) of the ADDITIONAL DUTIES section. Indiana courts have upheld policy provisions requiring a policyholder to provide notice of any settlement before recovering underinsured and uninsured motorist benefits. *See*, *Farm Bureau Ins. Co. v. Allstate Ins. Co.*, 765 N.E.2d 651, 657 (Ind. App. Ct. 2002); *Webster v. Pekin Ins. Co.*, 713 N.E.2d 932, 936 (Ind. App. Ct. 1999); *Losiniecki v. American States Ins. Co.*, 610 N.E.2d 878, 879 (Ind. App. Ct. 1993).

A case from courts in Indiana's sister jurisdiction addressed nearly identical policy language and found the relevant portions unambiguous. In *Whitehorn v. Liberty Mutual Ins. Co.*, No. 246255, 2005 WL 599749 (Mich. Ct. App. Mar. 15, 2005), the plaintiff argued that the insurance policy was ambiguous because two paragraphs (nearly identical to the Policy at issue here) conflicted. The *Whitehorn* court rejected the plaintiff's position and found the policy unambiguous. The court explained:

> [t]he first paragraph requires that the insured pursue, and be legally entitled to, the limits of any applicable bodily injury liability bonds or policies before coverage is available. The second paragraph clearly obligates the insured to notify defendant of any *tentative* settlement– meaning *before* the settlement is agreed to and finalized - and to allow defendant thirty days to pay the settlement and preserve its right to subrogation. The first provision is not contradictory to this obligation because, by stating that defendant "will pay under this coverage *only* if 1. or 2. below applies," that provision merely establishes that the insured will not be able to recover *unless* either of the two scenarios are met. It is not an affirmative statement that the insured *will* be able to recover *if* either of the two scenarios are met. However, even if this provision was confusing, the notice requirement was made clear in another provision in the contract entitled

9

"ADDITIONAL DUTIES." [] Reading the entire contract, it is clear that notice of tentative settlement [] was required. (Emphasis in original).

*Whitehorn*, 2005 WL 599749, at *2. The court then found that the plaintiff failed to provide proper notice of settlement, in violation of the policy, when he failed to provide notice to the defendant of his tentative settlement. The provisions articulated in *Whitehorn* are analogous to those before me now.

Pursuant to Indiana law, an insurance contract must be considered as a whole. *Briles*, 858 N.E.2d at 213. When considering the policy as a whole, even assuming *arguendo* that UIM INSURING AGREEMENT sections A(1) and A(2) are unclear, the notice requirement is made clear in the ADDITIONAL DUTIES section of the policy. When read as a whole, the Policy unambiguously required Plaintiff to provide Defendant with written notice prior to settling any claim with the tortfeasor and/or its carrier so that Founders may preserve its subrogation rights against the insurer, owner or operator of the underinsured motor vehicle.[2]

### C. Plaintiff Failed To Comply With the Policy And UIM Coverage Is Precluded.

Having found that the Policy unambiguously requires an insured to provide written notice prior to settlement, I must now determine whether Plaintiff complied with the terms of the Policy. Plaintiff has not. It is undisputed that Plaintiff failed to provide Founders with notice of his tentative settlement agreement. Instead, Plaintiff only provided Defendant with written notice of settlement *after* entering into a settlement agreement. Accordingly, Plaintiff violated the terms of the Policy and coverage was properly denied.

## V. CONCLUSION

---

[2] The Indiana Uninsured Motorist Coverage and Underinsured Motorist Coverage statute, I.C. 27-7-5-6, contemplates subrogation, and its language is similar to the language found in the Policy.

For the foregoing reasons, Plaintiff's motion for summary judgment as to liability is denied and Defendant's motion for summary judgment is granted. Defendant's motion to strike is denied.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: September 13, 2010